122 A.2d 157 (1956)
Valentino PAOLELLA et ux.
v.
ZONING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.
M. P. No. 1134.
Supreme Court of Rhode Island.
April 18 as of January 17, 1956.
Raymond W. Monaco, S. Thomas Cotroneo, Providence, for petitioners.
William E. McCabe, City Sol., Harry Goldstein, Asst. City Sol., Vincent A. Ragosta, Providence, for respondent.
*158 FLYNN, Chief Justice.
This petition for certiorari was brought by certain remonstrants to review a decision of the zoning board of review of the city of Providence granting an application for the continued use of an automatic self-service laundry in a residential zone. The writ issued and pursuant thereto the pertinent records have been certified to this court.
It appears therefrom that petitioners are the owners of a certain parcel of land located in the city of Providence within an area now designated under the amended zoning ordinance as residential R-4 zone, and that certain other abutting premises now owned by Carmino Castellone and Nicholas M. Castellone are in the same residential zone and are the premises in question. In 1923 when the original zoning ordinance became effective, the premises of the Castellones were owned by others and were being used for a grocery store. Sometime in 1947 the Castellones became tenants thereof and without obtaining permission of the board they began to operate an automatic laundry.
In 1952 they purchased the premises and continued to operate the laundry without objection from anybody. Because of damage to an outside metal chimney caused by a hurricane, they sought a permit to complete a new chimney in order to accommodate proposed larger driers and additional motors. When the building inspector refused the permit on the ground that the result might be an extension of a nonconforming use, which required action by the board, the owners filed this application "to continue to use the premises for the continued use of an automatic self service laundry."
During the hearing, at which petitioners and others appeared to oppose the granting of the application, some question was raised as to the board's authority to entertain such a petition. Counsel for the applicants then explained that they were in effect seeking permission for the extension of a nonconforming use. After the hearing and before the decision was made, the same counsel by his letter to the board confirmed such explanation and intention. Thereupon the decision in question was rendered as follows: "Resolved: That the Zoning Board of Review does hereby make a variation of Section 23, Paragraph B-1 b of the Zoning Ordinance and does hereby grant the application of Nicholas and Carmino Castellone on condition that it shall be in accordance with the amended letter submitted to this Board on March 22, 1955. A copy of said plans, plat plan and said amended letter are hereby made a part of this resolution and filed with the Inspector of Buildings."
The petitioners contend that the board gave no reasons in its decision for this action; that it does not make clear whether an exception or a variance was granted; that its decision presupposes the operation of a laundry as a legal nonconforming use; and that such assumption was erroneous, because under the 1923 ordinance the only permitted nonconforming use of the premises was for a grocery store. It is further argued that under the original ordinance a change from a permitted nonconforming use was not authorized unless to one of a higher classification; that a laundry of this type emitting dust and causing noise was a lower and not a higher classification than a grocery store; and that the board misconceived the facts and law when they assumed that the applicants' operation of such a laundry, which had never been approved, was an existing nonconforming use that could be extended or continued.
In our opinion the record does not disclose any reason on which the board relied in granting this application. Nor does such reason clearly appear in the transcript of the hearing as urged by the petitioners. It is true that after the hearing and before the decision was rendered the board received a letter of so-called clarification from applicants' counsel and thereupon treated the application as one for permission to extend a nonconforming use. But plainly the board thereby assumed that the operation of such a laundry on those premises had been and was a legitimate existing nonconforming use which they might extend in a proper case under the provisions *159 of the amended ordinance of 1951, chap. 544, article II, sec. 23 B 1 (b). This assumption is not in accordance with the law or the facts of record.
Under the original ordinance of 1923, "A nonconforming use shall not be changed unless changed to a higher use." Chap. 370, sec. 10. Apparently a laundry of this type would actually have been in a lower classification. Moreover, under the amended ordinance of 1951, "The nonconforming use of a building or structure may be changed only to a use of the same or more restricted classification." Chap. 544, art. II, sec. 23 B 1 (b). But in order to be considered a nonconforming use even under such ordinance, "The nonconforming use of a building or structure, lawfully existing at the time this Ordinance became effective, may be continued." Chap. 544, art. II, sec. 23 B 1 (a).
In the instant case the use of the premises as a laundry had never been authorized by the board up to the time of the passage of such amendment. Under the original ordinance of 1923 such laundry appears to have been in a lower classification than that of a grocery store and could not have been automatically changed or extended by the parties themselves without permission. Consequently the board misconceived the law in assuming that the automatic laundry emitting dust and causing noise, which was operated without permission, was a lawfully existing nonconforming use which could be extended under the 1951 ordinance.
On the record here we are not concerned with the possible effect of the remonstrants' laches in the event of proceedings looking to enforcement or otherwise. Whatever may be the legal effect in such proceedings of the failure of petitioners to object for several years, we are of the opinion that it does not bar them from insisting that the board comply with the specific applicable provisions of the ordinance. In the circumstances the board was in error and the decision should be quashed.
The petition for certiorari is granted, the decision of the respondent board is quashed, and the records in the case which have been certified to this court are ordered sent back to the board with our decision endorsed thereon.
CAPOTOSTO and BAKER, JJ., not participating.