220 A.2d 224 (1966)
Yolande P. BILODEAU
v.
ZONING BOARD OF REVIEW OF the CITY OF WOONSOCKET.
M.P. No. 1745.
Supreme Court of Rhode Island.
June 17, 1966.
*225 Laurent C. Bilodeau, Woonsocket, for petitioner.
Lewis Z. Lavine, Walter Sharkey, Woonsocket, for respondent.

OPINION
ROBERTS, Chief Justice.
This petition for certiorari was brought to review a decision of the zoning board of review of the city of Woonsocket granting an application for permission to erect an addition to a building located on Greene street in that city used as a nursing home. Pursuant to the writ, the board has returned to this court the record of the proceedings before it.
It appears therefrom that Blanche Fontaine, Stella Lauzon, and Jeannette Kelly, hereinafter referred to as the applicants, are the owners of the property and operate the nursing home conducted therein. It further appears that the existing premises have accommodations for fifteen persons and that the applicants seek to erect a two-story, eight-room addition thereto which would provide accommodations for an additional sixteen persons. The land is located in a district zoned for R-5 residential uses, in which a nursing home is not a permitted use.
After conducting hearings in the matter, the board voted to grant the application, the record disclosing the reasons for granting the application to be: "Extension of public service, unnecessary hardship, beneficial and complete use of the land." The record does not disclose that the board made any inspection of the premises or that, in acting on the application, it relied on the personal knowledge of any of its members as to the premises.
It is clear from the decision of the board that the instant application was considered as one for a variance. This, in the circumstances, was proper, for nowhere in the record does it appear that the applicants either referred to a specific exception provided for in the ordinance or introduced evidence that would sustain the granting of any such exception. The application, therefore, can only be treated as one for a variance. Caldarone v. Zoning Board of Review, 74 R.I. 196, 199.
The phrasing of the decision is ambiguous, however, in that it obscures the precise nature of the grounds on which the board purported to act in granting a variance on the evidence adduced. Entitlement to a variance rests upon a showing that a literal application of the pertinent provisions of the ordinance results in unnecessary hardship, that is, has the effect of depriving the applicant of all beneficial use of his property. The decision of the board in the instant case does not in its express terms disclose such findings.
In purporting to find the requisite unnecessary hardship, the board stated only as its finding: "* * * unnecessary hardship, beneficial and complete use of the land." It would be speculation on our part to conclude that this language constitutes a finding by the board that a literal enforcement *226 of the provisions of the zoning ordinance would deprive the applicants of all beneficial use of the land. As we have noted, under our rule unnecessary hardship exists only when all beneficial use has been lost, and the mere showing that a greater beneficial use could be made of land by the grant of a variance is not sufficient to sustain an award of the same. In short, we cannot say from the language of the decision that the board did not misconceive the test of entitlement and grant a variance to these applicants in order to give them a greater beneficial use of their property than they were then enjoying.
The petition for certiorari is granted, the decision of the respondent board is quashed, and the record certified to this court is ordered returned to the respondent board with direction that consideration be given to clarifying the decision set out therein and to decide the issues raised by the application in accordance with this opinion. Jurisdiction is retained by this court for the purpose of reviewing such decision as may be subsequently entered, and this jurisdiction may be invoked by either party within thirty days after the filing of such new decision in the office of said board.