252 A.2d 25.
LINCOLN BUILDING ASSOCIATION, INC. *vs.*
ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

APRIL 9, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This petition for certiorari was brought to review a decision of the zoning board of review of the City of Warwick denying the petitioner's application for an exception or variance to permit its building to be converted from a school to a structure which would contain six offices.

The petitioner's building is located on the westerly side of Post Road in a residential zone and is presently used as a nursery school. The petitioner plans to sell its property to two building contractors. They, in turn, would discontinue the school operation and renovate the building so that it will consist of six separate office units. The sale, however, is conditioned upon the grant of the instant application.

The application of petitioner is based principally upon the provisions of sec. 14.2.4.4 of the Warwick ordinance which authorizes the zoning board to grant a special exception whereby a non-conforming use may be changed to one no more harmful or objectionable. It is here that petitioner meets its first pitfall. Section 5.1 of the ordinance specifically states that all public, private or parochial schools are *permitted* uses in a residential district. It is clear, therefore, that petitioner's nursery school is not a nonconforming use and its reliance on sec. 14.2.4.4 is completely misplaced.

Even if petitioner's property could be considered as a nonconforming use, it still was not entitled to the exception. In *Wyss* v. *Zoning Board of Review,* 99 R. I. 562, 209 A.2d 225, we considered the provisions of the Warwick ordinance which permits a change of a nonconforming use. There we said that a substantial consideration relevant to the board's exercise of its jurisdiction to grant this unique type of relief is the public convenience and welfare. To satisfy this requirement, an applicant must present legally competent evidence that the proposed use will not be detrimental to the public health, safety and welfare. *Nani* v. *Zoning Board of Review,* 104 R. I. 150, 242 A.2d 403. At the board's hearing, an oath was administered to petitioner's counsel, who then spoke about traffic conditions and other incidental matters. The mere fact that counsel is under oath does not transform testimony which is obviously incompetent into competent evidence. While petitioner's attorney is unquestionably qualified to practice law, on the record before us he shows no expertise in the fields of traffic engineering or real estate.

As there was no legally competent evidence in the record to support an exception, so, too, our search of the transcript shows an utter absence of any evidence that the literal enforcement of the Warwick ordinance has deprived the petitioner of all beneficial use of its land. The petitioner showed no entitlement whatever to a variance.

The petition for certiorari is denied and dismissed and the writ heretofore issued is quashed.

*Charles J. Rogers, Jr.,* for petitioner.

*Howard R. Haronian,* City Solicitor, *William F. Paquin,* Assistant City Solicitor, for respondent.