**RHODE ISLAND HOSPITAL TRUST NATIONAL BANK**

v.

**EAST PROVIDENCE ZONING BOARD OF REVIEW.**

No. 79–350–M.P.

Supreme Court of Rhode Island.

April 28, 1982.

Tillinghast, Collins & Graham, Steven E. Snow, Providence, for petitioner.

Robert R. Nocera, Asst. City Sol., East Providence, for respondent.

## OPINION

### PER CURIAM.

We granted certiorari in this case to consider whether the Superior Court justice erred in affirming a decision of the East Providence Zoning Board of Review denying the petitioner's [1] application for a variance. The zoning board had voted three to two in favor of granting the variance on August 31, 1978. Since the affirmative vote of four board members is necessary to grant a variance, the vote was equivalent to a denial. General Laws 1956 (1980 Reenactment) § 45–24–19. The two members of the board who voted to deny the petition stated at the hearing that the petitioner's showing of financial hardship was insufficient to warrant the granting of a variance and that the structure was a visual encroachment on the abutters.

On appeal, the Superior Court justice found that the East Providence Zoning Board did not abuse its discretion. In pertinent part he stated:

"The record contains much evidence to the effect that the plaintiffs will suffer serious financial hardships as a result of the denial of the variance; however, there is hardly any evidence in the record which would show unnecessary hardship or difficulty which is other than financial."

When we review a decision of the Superior Court in a zoning case, we examine the record to determine whether competent legal evidence exists to support the court's finding. *DeStefano v. Zoning Board of Review of Warwick*, R.I., 405 A.2d 1167 (1979); *Hardy v. Zoning Board of Review of Coventry*, 119 R.I. 533, 382 A.2d 520 (1977). The evidence in this case established that petitioner sought a variance for an eighteen-unit apartment building on a lot zoned for one and two-family residences.[2] Three witnesses, including Stanley White, testified before the zoning board.

Mr. White testified regarding his site-preparation expenses stating that the cost was in excess of $11,000. These expenses included a lot survey, tree and bush removal, grading, building a catch basin and a retaining wall, and installation of utility service. He also testified that he paid $20,000 to acquire the land itself.

The second witness was J. Clifden O'Reilly, Jr., a real estate consultant and appraiser. He testified regarding the irregular configuration of the land that resulted in the property's being in a split zone. Mr. O'Reilly also stated that site-preparation expenses testified to by Mr. White were approximately $11,000. He said that this amount, plus the $20,000 acquisition cost, made unfeasible the construction of a single-family or two-family home, which are permitted uses. Mr. O'Reilly further testified that the other permitted use of the property, that is municipal facilities, was unlikely. He said that that area of East Providence was "pretty well saturated with necessary municipal services." He concluded his testimony by stating his opinion that construction of an eighteen-unit apartment building would not result in a diminution of surrounding property values and that it

---

1. The original petitioners in this case were Stanley H. White III and his wife, Marjorie F. White. They have since withdrawn as parties in interest and have been replaced by the Rhode Island Hospital Trust National Bank, successor in interest through a mortgage foreclosure.

2. The area in question is identified as lots 336 and 337 on assessor's plat 59 in East Providence. The apartment building was to be constructed on lot 336, which is located in an R–4 residential zone. Lot 337 is located in a C–1 commercial zone.

would not be contrary to any public interest.

The final witness was Herbert Y. Mason, also a real estate appraiser. He stated that the "optimum use" for the real estate would be for an eighteen-unit apartment building. He also testified that because of high land-acquisition and site-preparation expenses, the cost of a one or two-family dwelling would, in his opinion, "put it out of the range of being practical and saleable in the Riverside area for a single or two-family dwelling." Thus he felt that restricting petitioner to a permitted use would result in a denial of all beneficial use of the property based on the bleak financial prospect for that kind of development.

It is clear from our review of the record that the trial justice's finding of only financial hardship is based on legal and competent evidence. This court has stated many times that the granting of a variance is proper only upon a showing that literal adherence to the relevant zoning ordinances would result in unnecessary hardship and that the granting of the variance would not be contrary to the public interest. We have construed the term "unnecessary hardship" to mean a deprivation of all beneficial use of one's land. *DeStefano v. Zoning Board of Review of Warwick*, 405 A.2d at 1170; *Westminster Corp. v. Zoning Board of Review of Providence*, 103 R.I. 381, 386, 238 A.2d 353, 356 (1968); *Denton v. Zoning Board of Review of Warwick*, 86 R.I. 219, 222–23, 133 A.2d 718, 720 (1957).

█ It is well settled that a mere showing of a more profitable use that would result in a financial hardship if denied does not satisfy the requirements of our law. *Rozes v. Smith*, R.I., 388 A.2d 816, 820 (1978); *Bilodeau v. Zoning Board of Review of Woonsocket*, 101 R.I. 73, 75, 220 A.2d 224, 226 (1966). Unnecessary hardship

exists only when *all* beneficial use has been lost and the grant of a variance becomes necessary to avoid an indirect confiscation. *Denton v. Zoning Board of Review of Warwick*, 86 R.I. at 221, 133 A.3d at 719. Here, the showing that an eighteen-unit apartment building is a more beneficial and profitable use than a one or two-family home is not sufficient. The record fails to establish any other ground that would entitle these petitioners to the variance.

Our resolution of this issue makes review of the denial of the petitioner's request for four "Viti" type variances unnecessary.[3] The petition for certiorari is denied and dismissed, the judgment is affirmed, and the papers of the case are remanded to the Superior Court.

---

3. The petitioner also claims that the trial justice applied the wrong standard of review by saying that the burden was on petitioners to prove the zoning board abused its discretion by clear and convincing evidence rather than review the record to determine whether substantial evidence exists to support the findings of the zoning board. *Apostolou v. Genovesi*, R.I.,

388 A.2d 821 (1978). We find no merit in this contention as the trial justice correctly recited the scope of review, as defined by G.L. 1956 (1980 Reenactment) § 45–24–20. He evaluated the evidence and specifically found that "the record contains substantial evidence to support the votes of the two dissenting Board members."