**OK PROPERTIES**

v.

**The ZONING BOARD OF REVIEW OF the CITY OF WARWICK.**

**No. 90–316–M.P.**

Supreme Court of Rhode Island.

Jan. 10, 1992.

Gregory A. Madoian, Warwick, for plaintiff.

Shayle Robinson, Robinson & Robinson, Warwick, for defendant.

OPINION

FAY, Chief Judge.

This case comes before the Supreme Court pursuant to our grant of a writ of certiorari. The Warwick Zoning Board of Review (zoning board) denied the petitioner's application for a variance. The petitioner now seeks review of a Superior Court decision affirming the actions of the zoning board. For the reasons set forth herein, we affirm the judgment of the Superior Court.

OK Properties owns a parcel of land situated on the westerly side of Interstate Route 95 and the southerly side of Plum Street in the city of Warwick. This property is located within a district zoned General Industrial, which would generally permit the construction of billboards in the area.

OK Properties applied for a variance to construct a billboard for advertisements facing north and south on Route 95. The proposed sign was to be a two-faced, single-pole structure standing approximately fifty feet in height.

The zoning board held a public hearing on June 6, 1989. Peter McClary, vice president and general manager of Metro Bulletins, testified at the hearing concerning the company's plans to construct the billboard. He stated that there were twelve signs located in the same general area along Route 95. Of the twelve signs, two billboards and one on-premises sign are located in Warwick and the remainder are in Cranston.

Michael Sousa (Sousa), a licensed and registered engineer who specializes in site development and general civil engineering, testified at the public hearing. Sousa stated that the subject property is situated within a one-hundred-year flood zone. In order to build in a one-hundred-year flood zone, an individual has to compensate for the amount of earth displaced by the structure built. He also testified that 74 percent of the subject property, approximately 150 feet, is utilized as an easement by the Narragansett Electric Company (Narragansett Electric) for their electrical lines. The easement granted to Narragansett Electric imposes height limitations on the subject property. Sousa stated that the subject property lies along the Pawtuxet River and is within a two-hundred-foot buffer area associated with the river. Sousa also testified that policies of the city of Warwick and the Rhode Island Department of Environmental Management prohibit the construction of any structure within a wetlands area or within its associated buffer zone. Sousa opined that the rules regulating the wetlands buffer and the one-hundred-year flood zone, coupled with the height restrictions accompanying the easement, made the subject property undevelopable.

The zoning board unanimously denied petitioner's request for the variance on August 22, 1989. The zoning board rejected petitioner's claim that "there would be no other use for [the] subject property." It made a finding that 74 percent of the property was utilized by Narragansett Electric for electrical wires. The board also found "that the Zoning Ordinance does not allow for a billboard sign in the City of Warwick for the very reason that they are an eyesore in the community, and * * * that the granting of this petition is inimical to the public health, safety, morals and welfare."

On appeal the Superior Court justice affirmed the zoning board's decision. The justice determined that petitioner did not lose all beneficial use of the subject property since Narragansett Electric utilized 74 percent of the property. He also concluded that there was ample evidence in the record to support the zoning board's decision.

On appeal petitioner argues that it is entitled to relief because there is sufficient evidence in the record to show that without a variance it will suffer unnecessary hardship.

In order to obtain a variance, a petitioner must demonstrate by probative evidence that adherence to the zoning ordinance will cause unnecessary hardship to the petitioner. General Laws 1956 (1988 Reenactment) § 45–24–19(1)(c); see Gaglione v. DiMuro, 478 A.2d 573, 576 (R.I. 1984); Rhode Island Hospital Trust National Bank v. East Providence Zoning

*Board of Review,* 444 A.2d 862, 864 (R.I. 1982). The court has determined that unnecessary hardship exists when restricting the property to the permitted uses within the zoning ordinance will deprive the property owner of all beneficial use of the property and that granting a variance becomes necessary to avoid an indirect confiscation of the property. *Rhode Island Hospital Trust National Bank,* 444 A.2d at 864. That petitioner might be able to use the property in a more profitable manner is not a basis for granting a variance. *Id.*

Section 45-24-20 grants the Superior Court jurisdiction to review a zoning board's denial of an application for a variance. Section 45-24-20(d) states in part:

"(d) The [Superior] [C]ourt shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:

\* \* \* \* \* \*

(2) In excess of the authority granted to the zoning board by statute or ordinance;

\* \* \* \* \* \*

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

On certiorari to this court we consider whether the Superior Court justice acted within the authority of § 45-24-20. *R.J.E.P. Associates v. Hellewell,* 560 A.2d 353, 354 (R.I.1989); *Felicio v. Fleury,* 557 A.2d 480, 481 (R.I.1989). This court does not weigh the evidence; instead we review the record to determine whether substantial evidence existed to support the Superior Court justice's decision. *R.J.E.P. Associates,* 560 A.2d at 354; *Felicio,* 557 A.2d at 481-82; *Apostolou v. Genovesi,* 120 R.I.

501, 506, 388 A.2d 821, 824 (1978). We do not reverse a Superior Court justice's decision unless it can be shown that the justice "misapplied the law, misconceived or overlooked material evidence, or made findings that were clearly wrong." *R.J.E.P. Associates,* 560 A.2d at 354.

In the present case the burden was on petitioner to show by probative evidence that being restricted to the permitted uses within the zoning ordinance will deprive petitioner of all beneficial use of the property. The evidence produced by petitioner was insufficient to meet this burden. It is undisputed that 74 percent of the subject property is utilized as an easement by Narragansett Electric. Although petitioner presented testimony at the public hearing regarding the undevelopability of the property, no testimony was produced showing that the easement does not grant petitioner any continuing benefit. The petitioner did not know who paid the taxes on the easement but believed that it was "probably Narragansett Electric." The petitioner stated that OK Properties does not receive any rent from Narragansett Electric; however, petitioner was unable to state whether the owner of the property received any payment for the easement from Narragansett Electric. We believe that it is not inappropriate to infer that Narragansett Electric compensated the property owner for granting the easement. The petitioner's assertion of unnecessary hardship was not supported by documented proof. Therefore, OK Properties has not demonstrated a complete loss of all beneficial use of the property as a result of the denial of its zoning application.

We believe that the Superior Court justice acted within the authority granted under § 45-24-20. There was substantial evidence presented to support the Superior Court justice's decision upholding the denial of a variance by the Warwick Zoning Board of Review. The Superior Court justice did not misapply the law, misconceive or overlook material evidence, or make findings that were clearly wrong.

For the reasons stated, the petition for certiorari is denied and dismissed, the writ

heretofore issued is quashed, and the record certified to this court is remanded to the Superior Court with our decision endorsed thereon.