[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review for the City of Cranston. Jurisdiction in this Superior Court is pursuant to § 45-24-20, R.I.G.L., 1956, as amended.
I
CASE TRAVEL
On April 16, 1990 James and Carol Castergine (Plaintiffs) were the owners of two contiguous lots designated as 90 Speck Avenue, in Cranston. Each lot had frontage of 50 feet on Speck Avenue and each lot extended back some 90 feet. Each lot totaled 4500 square feet and was located in a Residential B-1 zoning district. The Cranston Zoning Ordinance requires a minimum of 6000 square feet of land for a permitted use in a Residential B-1 District.
The plaintiffs came into ownership of the two lots by purchase from the parents of one of the plaintiffs, James Castergine. His family had owned the two lots for many years, and their ownership pre-dated the adoption of the Cranston Zoning Ordinance. (tr. p. 5) The two lots had however been used for residential purposes, and on one lot, 838, was located a two family dwelling. A two car garage that serviced the two family dwelling extended over onto the contiguous lot, 843. (tr. p.6) The plaintiffs purchased the two lots sometime in 1988 (tr.p. 5) and thereafter filed the instant application for zoning relief with the defendant Zoning Board. The purpose of their application to the Zoning Board was to obtain permission to construct a raised ranch house dwelling on lot 843, after first removing therefrom the portion of the existing two car garage located on lot 843. The plaintiffs' requested to be relieved from the Residential B-1 zoning lot size requirements; from minimum lot area side yard restrictions and from the automatic contiguous lot merging provisions contained in 30-9(b) of the Cranston Zoning Ordinance.
The Zoning Board, after public hearing, denied the plaintiffs' request for relief by decision dated September 12, 1990. In that decision the Zoning Board made findings indicating that the granting of the requested relief would "substantially injure the appropriate use of neighborhood property; would not be in harmony with the character of the neighborhood or appropriate uses of buildings authorized in a residential B-1 District" and, that there was "no evidence of any undue hardship relative to the lot in question."
From that Zoning Board decision, this appeal followed.
II
APPELLATE REVIEW OF MUNICIPAL ZONING BOARD DECISIONS
Section 45-24-20, R.I.G.L., 1956, as amended, sets out with particular clarity the scope of review authorized in this Superior Court from appeals of decisions of local zoning boards.Section 45-24-20 reads in pertinent part as follows:
 45-24-20. Appeals to Superior Court. — *** The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In performing its judicial duties as prescribed in § 45-24-20,
this Superior Court cannot substitute its judgment for that of the zoning board. However, this Court must examine the full record to determine whether the findings made by the Zoning Board were supported by substantial evidence. Apostolou, et al. v.Genovesi, et al., 120 R.I. 501, 507 (1978).
Substantial evidence has been defined as being more than a scintilla, but less than a preponderance, and being relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Caswell v. George Sherman Sand GravelCo., 424 A.2d 646, 647 (1981). Apostolou, et al. v. Genovesi,et al., 120 R.I. 501, 507 (1978).
III
DECISION
Lots 838 and 843 owned by the plaintiffs on Speck Avenue in Cranston are contiguous lots which had been, and are presently owned by common ownership. Each lot, when originally plotted, prior to the enactment of the Cranston Zoning Ordinance, measured 35 x 90 in frontage and depth. At that time they were recorded as lots 14 and 17 on Narragansett Park Plat. (Plat Card 102, PlatBook 4/28; Engineer's Book 11, Page 68) The then owners, constructed a two family dwelling on one of the lots (14) and to accommodate the two family dwelling, constructed a two car garage that was set on both lots, 14 and 17. In short, the then owners used both lots to accommodate their two family dwelling structure. (tr. p. 5) That merger of use remained throughout the years prior to the purchase of the lots by the plaintiffs, and was later given municipal blessing by virtue of the provisions of Section 30-9(b) of the Cranston Zoning Ordinance, which read in pertinent part as follows:
 "If two or more contiguous lots are owned by the same person at the time of the adoption of this chapter, such lots shall be considered to be combined to form as many conforming lots as permitted in a particular district for the purposes of this chapter.
In accordance with that provision of the Cranston Zoning Ordinance, lots 838 and 843, both undersized contiguous lots in common ownership, merged. They merged into one lot which was designated as lot 843 for zoning land use purpose and regulation. Any subdivision, if possible, of that new lot 843 could only be effectuated pursuant to § 45-23-1, et seq. McKendall v. Townof Barrington, 571 A.2d 565, 567 (1990).
The plaintiffs' problem in this case emanates from their apparent confusion with regard to the purpose of the Cranston Tax Assessor's Map and the purpose of the Cranston Zoning Map. The Tax Assessor's Map is for purposes of enabling the Tax Assessor to carry out his or her duty to correctly designate and assess the ratable property in his or her city or town. The Tax Assessor's Map is for taxing purposes only, and not for purposes of regulating land use. The regulation of land use is by properly legislated zoning ordinance and the Zoning Map accompanying such ordinance is for purposes of designating the various land use districts designated in the Zoning Ordinance.
In this case, because someone in the Cranston Tax Assessor's Office decided to reinstate the previous lot designations and break lot 843 down into two lots, 838 and 843, for taxingpurposes, did not amount to a legal subdivision of the previous merger of those two lots. Such action would be not only most unusual, but in clear contradiction to the requirements of §45-23-1, et seq. R.I.G.L.
In this case, plaintiffs' attorney at the Zoning Board hearing admitted that there had been a valid merger of the two lots prior to the Tax Assessor's action. (tr. p. 4)
Based upon the clear facts before the Zoning Board, it had no valid probative evidence before it that would have permitted it to grant the relief requested by the plaintiffs. DiMillio v.Zoning Board of South Kingstown, 574 A.2d 754 (1990); R.J.E.P.Associates v. Hellewell, et al., 560 A.2d 353 (1989). There is no evidence of hardship. That term requires deprivation of all beneficial use of the land. O.K. Properties v. Zoning Board ofWarwick, 601 A.2d 953 (1992). The plaintiffs are now beneficially using their land. Enhancement of use, or more beneficial use, as we all know, is not the standard by which hardship is measured. DiMillio v. Zoning Board of SouthKingstown, 574 A.2d 754, 757 (1990). There is no "Viti" or deviation evidence in the record, nor is there any evidence pointing out any right on the part of the plaintiffs to be relieved of any of the side lot line restrictions, in view of the "use intended-use permitted" requirements in the Cranston Zoning Ordinance. Gara Realty, Inc. v. Zoning Board of SouthKingstown, 523 A.2d 855, 857 (1987).
The plaintiffs had the burden of proving to the Zoning Board that it was entitled to the relief it sought in and by its application to the Board. Smith v. Zoning Board of Warwick,104 R.I. 1 (1968). Plaintiff was required to meet that burden of proof by the presentation of what our Supreme Court has called "substantial evidence" and which it defined as being more than a scintilla, but less than a preponderance, and being relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Apostolou. et al v. Genovesi, et al,120 R.I. 501, 507 (1978).
A review of the record of the hearing certified to this Court clearly indicates that the Board had before it sufficient legal evidence, being more than substantial, upon which to base its decision. That being so, it thereupon became the plaintiffs' burden to persuade this Court that the Board abused its discretion. Woodbury v. Zoning Board of Review, 78 R.I. 319
(1951). Plaintiff has failed to do so. This Court in reviewing the certified record, finds nothing therein which is in violation of any constitutional, statutory or zoning ordinance provision; finds nothing therein to suggest that the Board acted in excess of the authority granted to it by law; finds that the Board's procedure was lawful and that its decision is not affected by any error of law.
The Court further finds that the Board's decision is not clearly erroneous in view of the reliable, probative and substantial evidence contained in the record; is not arbitrary or capricious, and is not characterized by any abuse of the Board's discretion. Accordingly, pursuant to the specific legislative mandate contained in § 45-24-20, R.I.G.L., 1956, as amended, this Court must and does, deny and dismiss the plaintiffs' appeal.
Counsel will prepare and submit an appropriate judgment for entry by the Court within then (10) days.