DECISION
Before the Court is a timely appeal from a decision of the Zoning Board of Review of the City of Warwick (hereinafter referred to as the Board). Lucille Taylor (hereinafter referred to as Taylor) and Josephine Taylor (hereinafter referred to collectively as Appellants) seek reversal of the January 25, 1995 Board decision denying approval of their application for an exception or variance under the Zoning Ordinance of the City of Warwick (hereinafter referred to as the Ordinance). Jurisdiction of this Court is pursuant to G.L. 1956 (1991 Reenactment) §45-24-69.
FACTS AND PROCEDURAL, HISTORY
Taylor owns property located at the northeasterly corner of Oakland Beach Avenue and Coburn Street, Warwick, Rhode Island, which is otherwise identified as lots 103 and 110 on Assessor's Plat 376 (hereinafter referred to as lots 103 and 110). (Record, Exh. A1) Said property contains 18,292 square feet with 171 foot frontage and 100 foot depth (Record, Exh. A2) and is zoned General Business. (Tr. p. 1).
On February 6, 1995, Taylor applied to the Board for an exception or variance. Specifically, Taylor sought a variance from Table 1. (Record, Exh. A1).
At a duly publicized and scheduled hearing held on August 8, 1995, the Board heard Taylor's petition. At the outset, the Board heard from Mark Carruolo of the City of Warwick Planning Department (hereinafter referred to as the Planning Department). (Tr. p. 1). The Planning Department determined that Taylor was "requesting an approval to have automotive service, autobody repair shop, and an automotive impound yard in a General Business zone." (Tr. p. 1). Carruolo testified that the subject site did not conform to any of the landscaping and/or parking regulations, and that section 422.1, entitled `Autobody Repair Shop,' permits autobody uses only in General Industrial zones. (Tr. p. 1). Carruolo further testified that the autobody repair proposed use was inappropriate for property that directly abuts a residential neighborhood. The Planning Department did not oppose the request for auto sales. (Tr. p. 1). The Planning Department recommended petitioner be required to conform to all landscaping and parking requirements. (Tr. p. 1). It also recommended the Board deny the use variance for the proposed autobody and auto impound yard. (Tr. p. 1).
Taylor presented testimony that she has been the owner of the subject property for approximately thirty (30) years. (Tr. p. 3). The subject property has been utilized for automotive business uses and purposes throughout the existence of all of the zoning ordinances of the City of Warwick. (Tr. p. 2). She testified that the property has been so used for sixty-five or seventy years. (Tr. p. 2). She testified that for the last thirty years, the property has been in continuous use as an automotive business with purposes including automotive services and repairs, autobody shops, automotive sales, and the utilization and storage of up to fifty automobiles. (Tr. p. 2). She argued that, as a matter of right, she had a preexisting, nonconforming use. (Tr. p. 2). Taylor informed the Board that she would be willing to withdraw her request for an autobody repair shop. (Tr. p. 2). Taylor continued to assert her request that a variance for auto sales and an impound yard be granted. (Tr. p. 2). She testified that she would erect a fence to enclose the rear and east of the property and there would be no ingress or egress from those areas. (Tr. p. 3). She also testified that the property has been improved with vinyl siding, new electricity, boiler, doors, and new lighting. (Tr. p. 3). She acknowledged that some of the improvements had been made at the request of the Building Department of the City of Warwick. (Tr. p. 4).
Several people testified in opposition to Taylor's application. Following the hearing, the Board voted unanimously to reserve their decision to a later date. (Tr. p. 11). During the public meeting of September 12, 1995, the Board voted unanimously to deny the petition and issued a decision on January 25, 1996, setting forth the following findings of fact:
 1. That subject property is known as Assessor's Plat 376, Lots 103 110, containing approximately 18,276 square feet of land, more or less, zoned General Business.
 2. That petitioner has owned the subject property since October 3, 1967.
 3. There is an existing building located on subject property previously occupied as an automotive sales facility. Subject building is presently vacant.
 4. The petitioner is requesting permission to occupy subject property and building for automotive service repair and impound yard.
 5. Prior to the automotive sales facility, the subject property had been in disrepair with debris located on the property.
 6. There have been numerous complaints in regards to the subject property pertaining to a repair facility located on subject property while only automotive sales were permitted.
 7. There have been ongoing problems with the subject property regarding zoning and minimum housing ordinances.
 8. The neighbors in the area had complaints of noise, debris, and hours of operation and are opposed to any other automotive use of the property.
 9. The area surrounding the subject property consists of residential dwellings and one retail convenience store.
Based on its findings, the Board denied this request because:
 A. . . . the denial of this request would not deny petitioner all beneficial use of subject property. The property is zoned General Business, there are other legally permitted uses which the petitioner can use building for, such as offices and retail operations.
 B. . . . the granting of this request would not be compatible with the surrounding area because ninety percent (90%) of the area surrounding the subject property consists of single family residences.
Appellants filed a timely appeal to this Court asserting that the Board's decision was clearly erroneous in view of the reliable, probative, and substantial evidence, and that the decision was arbitrary, capricious, and an abuse of discretion. According to the Appellants, the Board's decision ignored the evidence on the record and denied the Appellants the preexisting, nonconforming use of the property which had been in effect since at least 1957.
STANDARD OF REVIEW
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D) which provides:
 "Section 45-24-69. Appeals to Superior Court
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 "(1) In violation of constitutional, statutory, or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error or law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence means evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v.George Sherman Sand and Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citing Apostolou, 120 R.I. at 507, 388 A.2d at 824-25).
SECTION 45-24-61
At the outset, Appellants contend that R.I.G.L. §45-24-61 mandates the Board's decision be recorded and filed within thirty (30) working days from the date of the decision. Although the decision was rendered in a reasonable period of time from the date of hearing, it was not filed in the zoning office until four months later. This delay, Appellants argue, was "unconsciously late to the detriment of the Plaintiffs." (Appellants Brief, p. 6).
In its brief, the Board argues that Appellants did not suffer a detriment as a result of the four month delay. (Appellees Brief, p. 4). The Court agrees. Appellants cite no detriment resulting for the Board's clear failure to file its decision within the statutorily mandated 30 day period and cite the Court to no case authority as to the repercussions of such failure. Accordingly, the Court finds this to constitute harmless error on the Board's part.
PREEXISTING, NONCONFORMING USE
Appellants argue that the record is replete with evidence of the longstanding existence of automotive uses on the subject property and that such use is a preexisting, nonconforming use under R.I.G.L. § 45-24-39 which allows nonconforming uses to continue provided that the use lawfully existed at the time of the adoption or amendment of the zoning ordinance. Section 200.106 of the Zoning Ordinances of the City of Warwick defines a legal nonconforming use as "[a] building, structure, or parcel of land, or use thereof, lawfully existing at the time of the adoption or amendment of this zoning ordinance and not in conformity with the provisions of such ordinance or amendment. . . . A lawfully established use of land, building, or structure which is not a permitted use in that zoning district." When the zoning of the subject property was changed on July 1, 1988 to a General Business zone, the premises were in operation as an automobile service station. Therefore, the Appellants' property was, in that respect and at that time, a preexisting, nonconforming use. In the application at issue, Appellants requested the variance be granted so the property can be utilized as a repair shop and an impound. As discussed below, using the property as a repair shop and an impound yard is not perpetuating a preexisting use and the Board's decision to deny the variance is upheld.
A repair shop and an impound would constitute a change of use of the property. A change of use occurs when the proposed use is "substantially different from the nonconforming use to which the premises were previously put. . . ." Jones v. Rommell,521 A.2d 543, 545 (R.I. 1987) (quoting Souza v. Zoning Board of Review ofWarren, 104 R.I. 697, 699, 248 A.2d 325, 327 (1968)). "A change of use eliminates the exemption of a nonconforming use from recently enacted zoning ordinances." Rommell, 521 A.2d at 545. Thus a determination that a change of use occurred mandates compliance with the zoning regulation in effect at the time the change was made. Id. Hence, if Taylor's proposed use of the premises at the corner of Oakland Beach Avenue and Coburn Street is determined to be substantially different from the previous use as an automotive service station, Taylor is not exempt from the zoning district limitations.
When the first Warwick Zoning Ordinance was adopted in 1957, the property was used for repairs, but not for sales or impounding. The sale of cars is not permitted on the property as a legal nonconforming use, but was permitted when the Board granted the Appellants a special exemption in 1993. The special exemption expired on December 17, 1994, and the Appellants failed to obtain a renewal from the Board. Therefore, the property was no longer allowed to be utilized for the purposes of selling cars. Also, this use was not included in the application for the variance. Taylor mentioned she desired to use the property for the sale of cars during her testimony, and added this use in lieu of the request for an autobody repair shop. The impounding of cars involves towing operable and inoperable cars to the subject property and storing the cars until claimed by the owners. The 1993 Board decision, allowing the sale of cars, prohibited the outdoor storage of dismantled, wrecked, or inoperable vehicles and the parking or display of vehicles along the Oakland Beach and Coburn Street property lines. The impounding of cars, therefore, is not a legal nonconforming use in a General Business zone.
Appellants rely on Harmel Corp. v. Members of Zoning Board ofTiverton, 603 A.2d 303 (R.I. 1992) to support the proposition that preexisting, nonconforming uses are to be protected. This reliance is misplaced because Harmel is distinguishable from the matter at hand. In Harmel, a third party owned a club/restaurant. The premises were in existence and used as a club/restaurant before the zoning ordinances which changed the zoning of that area. The third party, therefore, had a legal nonconforming use. Years later, the third party closed the club/restaurant and, with the town's permission, moved its location. A year later, Harmel entered into a long-term lease and option to purchase the property. In order to operate a restaurant on the property, Harmel commenced the very involved process of obtaining the appropriate commercial liquor license. The building inspector denied Harmel's application for a building permit to put an addition on the existing building. The Board upheld the building inspector's decision. Harmel later applied for a second building permit to install a new kitchen. The building inspector granted the permit and a citizen appealed. The Board overturned the building inspector's decision and Harmel appealed. The Superior Court affirmed both zoning board decisions.
The issue in Harmel was whether the issuance of the building permits constitute a change of use. The Court held that Harmel's proposed use of the premises was not substantially different from the third party's use of the same premises. Id. at 306. Therefore, the legal nonconforming use continued.
In the case at bar, although the owners have not changed, the proposed use has. The Appellants' proposed use was for repair and impound. These uses are substantially different from automotive service for which the nonconforming use attaches. Therefore, the Board was correct in denying the application since it constituted a request for a change of use for this property.
As a note, the application itself is vague as to what Appellants are requesting. When asked to state the present use of the premises, Appellants entered "automotive." (Return of the Zoning Board of Review, Exh. A, Copy of Application). When asked to state the proposed use of the premises, Appellants entered "automotive/impound yard." (Return of the Zoning Board of Review, Exh. A, Copy of Application). There seems to be much confusion as to the proposed use. There is mention of sale, repair, and an impound yard. The Appellants argue that the ambiguity exists because the application was completed without the assistance of counsel. Even if this were the case, Appellants were represented by counsel at the hearing and any ambiguity or confusion could have been adequately resolved there.
The Court finds that the subject premises were used as an automotive service station since at least 1957. When the Appellants filed their application in 1995 for repairs and impounding, they argued that these uses were included in the nonconforming use and, therefore, the Board committed error in determining that repairs and impounding were prohibited. In 1993, when the Board granted Taylor's request for an exemption to sell cars, the Board also expressly denied a request to use the property as an impound yard. The fact that Taylor requested an exemption to use the subject property as an impound yard contradicts the assertion that the impound yard is a preexisting, nonconforming use. The Court finds that, based upon the record and the information before the Board at the public hearing, repair and impounding were not preexisting uses and the Board was correct in denying the application for these variances in a zone where they are not permitted. Therefore, the Appellants should be entitled to continue the use of the property as a service station only. This use does not include impounding cars or autobody work, which if permitted would constitute a change of use. The issue of whether the property can be utilized for the sale of cars was not entertained by the Board, and would require a separate application to the Board.
A decision of the zoning board will be upheld unless it is found to be unsupported by substantial evidence. The Court finds that the Board's decision was supported by substantial evidence, was not clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record, and was not arbitrary or capricious or characterized by abuse of discretion. The Court, therefore, affirms the decision of the Zoning Board of Review of the City of Warwick in denying the request for a variance to use this property which is zoned as General Business as an autobody repair facility and an impound yard. Accordingly, the decision of the Board hereby is affirmed.
Counsel for the prevailing party shall submit an appropriate order for entry.