ANTHONY A. DEL TORO *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF BRISTOL *et al.*

AUGUST 12, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Flynn, C. J. This petition for certiorari was brought by certain remonstrants to have this court review a decision of the zoning board of review of the town of Bristol granting an application for permission to use premises in a residential zone for a retail flower sales and showroom.

The applicants for such permission, Gioacchino DeFelice and Maria DeFelice, are the owners of certain premises at 271 Wood street, Bristol, being designated as lot No. 27 on assessor's plat No. 19. The lot fronts 64 feet on Wood street and runs back westerly 170 feet, having an area of 10,880 square feet. By the zoning ordinance of said town, which was passed in 1931, the lot was located in a residential district. However, at that time the lot was improved only by a house in the front and a garage, and also a greenhouse 18 by 50 feet in the rear toward the westerly side of the lot. To the extent of the one greenhouse therefore, there was a nonconforming use.

It is not entirely clear in the record but apparently in 1947 with permission of the zoning board the applicants constructed another greenhouse, 25 by 100 feet, on the southwesterly side of the lot. This was a considerable extension of the nonconforming use. The two greenhouses were located substantially to the rear of the house, which was situated at the northeasterly corner on Wood street.

From the record it also seems that the applicants began excavation and construction of a retail sales and showroom 18 by 24 feet at the southeasterly corner of the lot on Wood street, parallel with the house, without obtaining from the board any exception or variance to the zoning ordinance. As a result thereof, at the instance of these petitioners the applicants were enjoined by the superior court in equity from further construction and use without the board's permission. Thereupon the instant application was filed for an exception or variance to build and use the proposed building as a florist sales and showroom.

At the beginning of the hearing before the respondent board, after some objection to the advertisement and hearing, the chairman asked the town solicitor whether the application was to be considered as an exception or as a variance. He was informed that it called only for an exception and the hearing apparently progressed on that theory without a specific ruling to the contrary, although the chairman later indicated that the board was hearing it under general laws 1938, chapter 342, the enabling act. The evidence for the applicants was presented by one of them and her son, and was opposed by the remonstrants. An official transcript of the testimony was made at the request of the board. At the conclusion of the hearing the board considered the matter in part and continued it for consideration at several later meetings until it was finally voted at a special meeting held on February 25, 1954 to grant the application.

From the language of the decision it would appear that, notwithstanding the impression at the beginning of the hearing, the board finally decided to grant the application as a variance under the statute, because of undue hardship resulting to the applicants if the literal provisions of the ordinance were carried into effect. Moreover, in the records of the special meeting of February 25, 1954 it appears that the matter was considered at several previous meetings; that the board "thinks the proposed use of lot in question will not be detrimental to neighboring property"; and that the board "does hereby make a variation and variance of the Use District Regulations * * *" feeling that by granting the application "it will not be contrary to the public interest, owing to special conditions a literal enforcement of the ordinance will result in unnecessary hardship and substantial justice will be done."

The concluding paragraph of the minutes of that meeting reads as follows: "The Board also received and ordered paid a bill of fifteen dollars from Mrs. Hannen for stenographer service rendered the Board at the February 11, 1954 meeting. A Transcript of the Public Hearing on February 11, 1954 was also received, but the Board did not use this Transcript in its considerations and deliberations on the DeFelice case, because of its inaccuracy, omissions, and substitutions."

The petitioners here urge several points in support of their contention that the instant decision was arbitrary, illegal, and without or in excess of the jurisdiction of the board, especially in connection with hearing or granting the application as an exception. However, we need not discuss all these contentions because in our view the decision cannot be sustained for a fundamental reason.

Assuming that the application might have been considered by the board as an exception or as a variance under G. L. 1938, chap. 342, nevertheless there is no legal evidence to support the decision on either ground. In the record of

its special meeting, at which the decision was voted and made, the board expressly states in substance that it did not consider any of the transcript of evidence in its deliberations and decision "because of its inaccuracy, omissions, and substitutions." This transcript had been made officially by its own appointed stenographer. However, nowhere does the board state in the record or decision wherein the transcript was inaccurate or what was omitted or substituted. Nor does the decision or record indicate any evidence which the board itself might have considered from its own knowledge or upon a view and in which they relied in granting the application.

While the board may differ with evidence presented to it, it may not wholly disregard it *without any consideration* on the grounds as here stated unless something is shown in the record to enable us to pass upon the reasons for its decision. And if it substitutes evidence within its own knowledge or from a view, we have held that there should be something in the decision to inform us of the grounds and basis thereof sufficiently for us to perform our duty without speculation. *Buckminster* v. *Zoning Board of Review*, 68 R. I. 515; *Kent* v. *Zoning Board of Review*, 74 R. I. 89, 92. In the instant case there are no such indications and on the statements of the board itself it would appear that its action was taken arbitrarily without even considering that which was reported at its request by its official stenographer.

On the other hand even if we assume that the evidence as it appears of record should now be considered in connection with the application and decision, it is apparent that no specific provision in the ordinance is pointed out as the basis for an exception, and further that the evidence of alleged unnecessary hardship was addressed to the expenses which the applicants had undertaken themselves in starting construction of a building in violation of the zoning ordinance without first obtaining permission to extend the

nonconforming use. Such is not the evidence of undue hardship that is required to support a variance. See *Strauss* v. *Zoning Board of Review*, 72 R. I. 107; *Heffernan* v. *Zoning Board of Review*, 50 R. I. 26, 29.

Consequently whether the application is considered as one for an exception or for a variance, there is no evidence in the record to support the decision. Therefore in addition to its refusal to even consider the evidence which the official stenographer transcribed, without anywhere showing the alleged inaccuracies which led them to reject the transcript, the record shows an arbitrary action by the board in deciding the matter without having supporting evidence.

The petition for certiorari is granted, the record of the decision of the respondent board is quashed, and the papers in the case which have been certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*James A. McGuirk,* for petitioners.

*Eugene F. Cochran,* for respondents.