IRA DAVIS *et al. vs.* ZONING BOARD OF REVIEW OF THE
CITY OF CRANSTON.

JANUARY 9, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for certiorari to review
the action of the zoning board of review of the city of Crans-
ton in granting Citation Homes, Inc. an exception from
the zoning ordinance to build a five-unit apartment build-
ing in a dwelling house "D" district. We issued the writ
and pursuant thereto the pertinent records have been cer-
tified to this court.

At the hearing before the board the owners of five lots
of land with improvements thereon adjacent to the appli-
cant's land objected to the granting of the exception. They
have brought the instant petition to quash the board's
action on the grounds that there is no legal evidence to
support it; that the exception is contrary to the public
interest; that it is illegal and arbitrary; that it will sub-
stantially and permanently injure their property; that it
is not necessary to secure an appropriate development of
the applicant's lots; and that the board's action is other-

wise so arbitrary, capricious and inequitable as to constitute an abuse of its discretion.

The applicant owns two vacant lots numbered 2788 and 2789 on assessor's plat 9 situated at 28 and 32 Nickerson street. Each lot has an area of 5,000 square feet. District "D" is substantially composed of one-family dwelling houses. There is nothing in the record to show that the applicant's lots are not suitable for such houses. Nor is there any evidence tending to show any necessity for the applicant to combine its two lots as a building site for an apartment house in order to obtain a reasonably beneficial use of its land.

The only witness in support of its application did not qualify as an expert. His testimony consisted principally of an expression of opinion that the proposed apartment building because of the nature of its construction would be beautiful and would really bring value to the existing property in the neighborhood. In what way the public convenience or welfare would be served by the building of such an apartment house does not appear nor does it appear from the evidence that it would conform generally to the character of the neighboring buildings which are mostly single-family homes.

The board's decision purports to rest upon sec. 27B of chap. 31 of the revised ordinances, the pertinent portion of which reads as follows:

> "B. *Special exceptions.* When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the board of review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows:
>
> \* \* \*
>
> "(8) In any district any use or building deemed by the said board to be in harmony with the character

of the neighborhood and appropriate to the uses or buildings authorized in such district * * *."

In its brief the board relies strongly upon the opening words of the section, "When in its judgment," to justify the broad discretion which it exercised in granting the exception. However, this language does not of itself constitute a sufficient warrant for the board to grant an exception without some evidence to support it. The judgment referred to is the board's considered judgment of substantial evidence reasonably tending to prove the factors mentioned in the section as prerequisites for a departure from the terms of the ordinance under which other property owners in the district are restricted in the use of their land. *Costantino* v. *Zoning Board of Review*, 74 R. I. 316; *Harte* v. *Zoning Board of Review*, 80 R. I. 43.

We have searched the record in vain for such evidence. Whether the proposed apartment house would be a beautiful building and to some extent would improve the appearance of the block in which it is to be built is not the point. What the board had to decide was whether in its sound judgment there was some substantial evidence before it to justify granting the applicant an exception from the requirements of the ordinance that all the other landowners in the district were compelled to observe. Neither the transcript nor the decision discloses any evidence upon which its action could be reasonably based. In the circumstances we must hold that the decision is arbitrary and a clear abuse of the discretion contemplated by the zoning law and the ordinance adopted pursuant thereto.

The petition for certiorari is granted, the board's action is quashed, and the records certified to this court are ordered to be returned to the respondent board with our decision endorsed thereon.

*Leroy V. Marcotte,* for petitioners.

*Charles A. Kelley,* City Solicitor, *Abraham Goldstein,* Assistant City Solicitor.

*Donald P. Ryan,* amicus curiae for respondent.