189 A.2d 683 (1963)
Marian ZAWIRSKI
v.
ZONING BOARD OF REVIEW OF the TOWN OF CUMBERLAND.
M. P. No. 1498.
Supreme Court of Rhode Island.
March 29, 1963.
Joseph A. Janas, Edward L. Gnys, Jr., V. James Santaniello, Providence, for petitioner.
Woolley, Blais & Quinn, Henry J. Blais III, Pawtucket, Frank O. Lind, Jr., Town Solicitor for Town of Cumberland, for respondent.
CONDON, Chief Justice.
This is a petition for certiorari to review the action of the zoning board of review of the town of Cumberland in granting the application of Allan R. Bellows for an exception under the zoning ordinance to erect a funeral home on lot No. 51 on assessor's plat 9 in a residence A district. We issued the writ and the respondent has made due return thereto of all the records and papers pertaining to its proceedings in regard to such application.
It appears therefrom that the applicant is obligated under a binding contract to purchase lot 51 from its present owner, Ruth E. Carpenter, who has joined in the application for the above-mentioned exception. At the hearing thereon before the board petitioner testified against the granting of the application and was supported in his remonstrance by several other owners of property in the vicinity of the applicant's lot. Mr. Bellows testified in support of his application as did one resident of property *684 very close to his lot. A realtor and an architect also testified on the applicant's behalf.
From such testimony and other records of the proceedings before the board the following facts appear. Lot 51 is situated at the corner of High street and Clairmont avenue and comprises approximately 21/2 acres. It fronts 286.6 feet more or less on the easterly side of High street and 260 feet on the northerly side of Clairmont avenue. A one-and-a-half-story dwelling and several outbuildings are presently situated on the lot. According to the real estate expert they are in poor condition and because of their state of disrepair do not "help the neighborhood." The applicant proposes to demolish them and erect a building fronting on and set back about 75 feet from High street.
While his plan therefor is not in final definite form his architect offered in evidence a sketch of the proposed building and it was admitted as an exhibit. It shows the location of the building substantially as the applicant testified, and it shows the area fronting on High street and surrounding the building completely landscaped except for a driveway leading to a portecochere at the north side of the building and a semicircular driveway in the front thereof. The sketch further shows a parking area for cars entirely in the rear of the lot with more landscaping along the borders.
In response to a question by the chairman of the board the applicant stated that he would comply "Very definitely" and "essentially" with the plan as shown in the sketch. The applicant further testified that he had in mind erecting a permanent type of structure in keeping and in harmony with the neighborhood. He also stated that he planned to have the funeral processions form on the premises rather than on the street and that all parking would be confined to the rear of the lot.
The real estate expert testified that he was familiar with the site and that he went all over the lot with Mrs. Carpenter "to know just what it looked like." He further testified that in his opinion a funeral home in accordance with applicant's plan would be an asset to the community.
The substance of the testimony of petitioner and his witnesses was that they did not want a funeral home in their neighborhood, that it would aggravate traffic conditions on High street particularly during the winter, that the district was exclusively residential, and that it should not be invaded by such a business use especially as there were already three funeral homes within a mile radius of the applicant's lot. While some of the witnesses indicated, if they did not expressly state, in their testimony that the presence of a funeral home in the district would depreciate their property, they did not present any expert testimony to that effect.
On this evidence the board granted the application and expressly found as a fact that the proposed home would be in harmony with the surrounding area, reasonably necessary for the convenience and welfare of the public, and not detrimental to the values of the surrounding property. The petitioner contends that such decision is arbitrary and unlawful because it fails to state reasons for the findings, fails to prescribe appropriate conditions and safeguards, fails to give due weight to the public welfare, and is in effect spot zoning.
The application was considered as one for an exception in accordance with art. 9, sec. 1, par. 3, of the ordinance. Under that paragraph the zoning board is authorized to approve any use or building in any district provided it finds such use or building "(a) to be in harmony with the character of the neighborhood, appropriate to the use or buildings permitted in such district, and possessive of a reasonable tendency towards promoting the public convenience, the public welfare, or the public health"; or "(b) where such use or building is reasonably necessary for the convenience or welfare of the public."
*685 This is a broad grant of power which as we have heretofore said in similar cases was to be exercised sparingly and with discretion to the end only that the board would be able to relieve against the arbitrary effect of a literal enforcement of the provisions of the ordinance. Costantino v. Zoning Board of Review, 74 R.I. 316, 60 A.2d 478; Flynn v. Zoning Board of Review, 77 R.I. 118, 73 A.2d 808. Unless the board acts upon its own knowledge and makes that fact known in its decision there must be some evidence in the record to support it or else the decision will be deemed an abuse of the discretion vested in it by the ordinance. Del Toro v. Zoning Board of Review, 82 R.I. 317, 107 A.2d 460.
In the case at bar an exception under art. 9, sec. 1, par. 3(a) and (b), could not be granted unless the board was satisfied from its own knowledge or from evidence in the record that a funeral home in this residence district would reasonably tend to promote the public convenience and welfare or the public health, or that it was reasonably necessary for the convenience or welfare of the public. The decision of the board fails to disclose such knowledge and the record is devoid of such evidence.
The applicant's testimony was substantially to the effect that the construction of the home would fill a need to accommodate his patrons who were taking up resideuce in the suburbs. The real estate expert's testimony merely amounted to an opinion that the construction of the home according to the sketch in evidence would be an improvement over the existing condition of the premises and would be an asset to the community. The testimony of neither witness was legally probative of public convenience or welfare. The accommodation of the applicant or the enhancement of the scope of his service to his patrons is not synonymous with the concept of public welfare or convenience. Budlong v. Zoning Board of Review, 89 R.I. 431, 153 A.2d 127, 154 A.2d 697. Nor can the improvement in the appearance of the lot by the building of the funeral home as proposed be equated with that concept. Davis v. Zoning Board of Review, R.I., 187 A.2d 133.
On the state of the record we are constrained to hold that the board abused its discretion in granting the exception.
The petition for certiorari is granted, the decision of the board is quashed, and the records and papers certified to this court are ordered returned to the board with our decision endorsed thereon.
ROBERTS, J., concurs in the result.
POWERS, J., not participating.