248 A.2d 325.

ROBERT SOUZA *et al. vs.* ZONING BOARD OF REVIEW OF THE TOWN OF WARREN.

DECEMBER 16, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a petition for certiorari to review a decision of the respondent board granting an application

seeking permission to operate an "Auto Body Works" in a building located on land zoned part residence and part business.

In February 1968 one Norbert Gregory, herein referred to as the applicant, applied to the respondent board for an exception or variance from the provisions of the town's zoning ordinance insofar as it related to certain premises whose owners joined in the application. The land in question has a frontage of 71 feet on Baker Street and a depth of 63½ feet. The western portion of the lot with a frontage of approximately 22 feet is located in an area zoned business D and the eastern portion, with the remaining 51-foot frontage, is in an area zoned residence A. Although the 3,000 square-foot building straddles the two zones, the work area of the building is located solely in the residence A zone.

Prior to the filing of the instant application the premises had been used as a woodworking and plumbing and heating shop, the same being preexisting nonconforming uses. The application contains the following pertinent allegations by the applicant, namely, that he proposes to use the premises for an "Auto Body Works"; that he has not submitted plans to the inspector of buildings; that the latter has not refused him a permit; and that 32-43, 32-44 and 32-45 of the zoning ordinance are the sections to which his application pertains. These sections relate to nonconforming use of land or buildings.

The application was heard by the respondent board on March 19, 1968. The applicant and one of the owners spoke in favor of the application while petitioners contested the propriety of allowing the same. At their regular meeting on April 16, 1968, the board granted the application by a four-to-one vote. The summary of the board's decision is very brief. It contains a comment by one of its members that "* * * he had been down to look at the premises again and felt that the proposed use would be better than it is

now." It also includes a statement from another member that the part the applicant was going to use was all in the residence district "* * * but there are already other businesses there." The summary of the decision contains no other reasons for the majority's decision granting the application and expressly states that there was no further discussion before the vote was taken.

The respondent board argues that we should treat this application as an appeal to the zoning board from a decision of the inspector of buildings denying the landowners' request for a permit. The board relies on an affidavit by the inspector of buildings which was filed in this court on July 18, 1968, wherein he states that one of the owners of the premises had applied to him for a certificate of occupancy, and that he denied the application and advised the owner to seek relief before the zoning board. Assuming without deciding that the affidavit in question is properly before us as part of the record and that the facts therein alleged are correct, we fail to see how this will help the applicant. The applicant has failed to sustain his burden of establishing pursuant to sec. 32-45 of the ordinance that the proposed use is not substantially different from the nonconforming use to which the premises were previously put, because it is obvious that an "Auto Body Works" is substantially different from the prior nonconforming uses.

Nor can the board's decision be sustained as the grant of a special exception under the ordinance or a variance under the enabling act. The record does not disclose that the applicant sought any specific exception authorized in the ordinance, see Bilodeau v. Zoning Board of Review, 101 R. I. 73, 220 A.2d 224, and there is no evidence in the record that a denial of the proposed use would deprive the landowners of all beneficial use of their premises, compare Denton v. Zoning Board of Review, 86 R. I. 219, 133 A.2d 718.

Finally, we point out that it would be difficult to sustain

the board's decision in any event in view of the inadequate record kept by it and also because of the inadequacy of the statement summarizing its decision. It might be appropriate to suggest again that, because of the complicated legal questions incident to all zoning hearings, zoning boards should avail themselves of the legal services of their municipal legal departments. This would, in our judgment, aid the boards in the administration of justice to all who come before them.

The petition for certiorari is granted and the decision of the zoning board is quashed.

*Thomas E. Wright,* for petitioners-appellants.

*Pasquale T. Annarummo,* Town Solicitor, for respondent-appellee.