DECISION
The matter before the Court is an appeal by the owners of a communication tower from a decision filed on November 16, 1998, by the Zoning Board of Review of the Town of Cumberland (Board). The owner-appellants, Rita Plasse and her son Michael Plasse, (Plasse), appeal the restriction imposed by the Town of Cumberland Building Official, Brian DaCosta (DaCosta), which permitted only two users to occupy the tower for communication purposes. The Board affirmed DaCosta's decision and Plasse appeals to this Court pursuant to G.L. 1956 (1991 Reenactment) §45-24-69. Property owners within 200 feet of the Plasse property were permitted to intervene pursuant to Rule 24 (a) of the Rhode Island Rules of Civil Procedure. The facts insofar as pertinent follow.
 Facts/Travel
The communication tower is located on West Wrentham Road, Plat 60, Lot 27, in Cumberland, Rhode Island and zoned as Agricultural-2. The Plasse family have owned two 180-foot communication towers on this property since approximately 1985. Plasse testified that up to forty (40) different occupants utilized both towers during various periods. When one of the towers began to deteriorate, Plasse sought advice from DaCosta to determine whether it was proper to repair or replace the tower. DaCosta recommended that Plasse hire a professional engineer to survey the condition of the deteriorating tower. Plasse hired Commonwealth Engineers, who determined that the tower needed to be replaced due to structural deficiencies.
On July 15, 1998, Plasse applied for, and subsequently received, a permit from DaCosta to dismantle the deteriorating tower and replace it with a new tower. The permit restricted Plasse to "one initial user on the [new] tower with only one additional co-locator."
Plasse appealed the building official's decision limiting the number of users on the new communication tower and appeared before the Board on November 5, 1998. Plasse argued that the restriction to two users was inconsistent with the applicable ordinance. The town ordinance in question, 97-24 (a) Substitute A, Section 5-18 (Substitute A), reads in pertinent part:
 "The board of review shall not consider any request for variances from the height limitation unless the petitioner can demonstrate to the satisfaction of the board an inability to co-locate on existing facilities wherein multiple users share the same tower and prove a hardship to the property as required by the ordinance. Co-location of one additional user shall not be prohibited on any such facility so long as the height limits allowed, or previously granted, are not exceeded overall."
Section 5-18, 97-24, was originally submitted by the Ordinance Subcommittee to the Cumberland Town Council on July 29, 1997. The original draft of this ordinance vested authority with the Board to determine whether a preexisting tower should be repaired or replaced. This proposed ordinance required a public hearing and subsequent approval by the Board. In conformity with Article 9, § 9-12 (c) (1) of the Town of Cumberland ordinances, this proposed ordinance was duly advertised on three occasions, with the public hearing date advertised as September 3, 1997. On August 20, 1997, the Ordinance Subcommittee modified the ordinance so that all approval and authority rights previously vested with the Board were transferred to the Building Official. This new modification was adopted as the new ordinance, 97-24 (A), Substitute A, on September 3, 1997.
On September 4, 1998, Plasse removed the old tower and installed the new tower, as permitted by the Zoning Ordinance of the Town of Cumberland, Article 5 § 5-18 and the permit issued by DaCosta. On November 5, 1998, the Board denied Plasses' appeal to overturn DaCosta's decision restricting the number of users on the tower to two. Plasse filed an appeal to this Court on December 10, 1998.
On January 27, 1999, Gerald and Valerie Kaveney were granted permission by this Court to intervene as parties in interest in the subject controversy pursuant to Rule 24 of the Rhode Island Rules of Civil Procedure.
 Standard of Review
This Court reviews Zoning Board decisions pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which grants the Court authority to affirm the decision of the Board, or to remand the case for further proceedings. Newton v. Zoning Board of Review ofCity of Warwick. 713 A.2d 239, 241 (R.I. 1998). The Court may also reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions in violation of constitutional, statutory or ordinance provisions. Id.
 Constitutional Claim
The authority of cities and towns to enact zoning ordinances is granted by the Zoning Ordinance Enabling Act, G.L. 1956 (1980 Reenactment) §§ 45-24-1 — 45-24-22. The Planning Board of the Town of Cumberland has the sole and exclusive power to control, promulgate, adopt or authorize the adoption of rules and regulations concerning the subdivision of land in the Town of Cumberland. G.L. § 45-23-2. These notice requirements afford the owners of affected or abutting property an opportunity to come before the relevant body and make their views known by testifying or arguing either for or against the proposed amendment. L.A. RayRealty v. Town Council of Town of Cumberland. 603 A.2d 311, 312 (R.I. 1992).
The intervenors argue that Substitute A was constitutionally invalid because they were effectively denied an opportunity to voice their objections to the replacement of Plasses' deteriorating tower with a new and safer tower. The intervenors allege that the Substitute A ordinance preempted the power of the Board by delegating illegal and unconstitutional authority to the Building Official, and further that the Town Planning Board never voted on the modified ordinance. By replacing the Zoning Board with the Building Official, Plasse no longer needed to come before the Board and request a variance for the height restriction imposed on property zoned as A-2; thereby leaving it solely to the Building Official's discretion. Because the ordinance did not require notification to abutting landowners, the intervenors did not receive notice of these developments until the Board issued written notice of Plasses' appeal from the Building Official's order.
The Cumberland Ordinance Subcommittee, pursuant to the recommendation of the Town Planner, substituted the originally submitted ordinance, which vested authority in the Zoning Board to determine whether communication towers should be repaired or replaced, with Substitute A, which vested such authority in the Building Official alone. The ordinance, with this significant modification, was adopted on September 3, 1997.
Although the Town Planning Board never officially voted on the modified ordinance as Substitute A, the Ordinance Subcommittee chairwoman testified that the Town Council, the Town Planner, and the Town Solicitor worked in concert for several weeks to promulgate the modifications that came to be Substitute A. In fact, the chairwoman further testified that it was the Town Planner who drafted and introduced Substitute A to the Town Council in the first place. Therefore, the Court finds that because the chief officer of the Town Planning Board lobbied for Substitute A and worked with the Town Council on this change, the Town Planning Board approved of the modification.
In further conformity with the procedural requirements for the adoption of a zoning ordinance in the Town of Cumberland, the Town Council properly advertised notice of the public hearing on the ordinance. In the period between the advertising of the ordinance and the public hearing, alterations or amendments to the proposed ordinance may be made "without further advertising
as a result of further study or because of the views expressed at the public hearing." Zoning Ordinance of the Town of Cumberland, § 9-12 (c) (1) (e). Therefore, the court finds that the modification was proper.
 The Appeal of the Building Inspector's Decision
Plasse appeals to this Court to determine whether the restriction on the number of users imposed by DaCosta is the clear and certain meaning of Substitute A. He contends that the ordinance was not only arbitrary and ambiguous, but also inapplicable to his communication tower, since the towers constituted a preexisting use protected by the ordinance. Plasse further argues that the instant action does not arise from any issue subsequently raised by the intervenors as to the legal status of the communication towers owned by him, and he moves to strike any and all arguments to be proffered by the intervenors.
Article 2, § 2-2 of the Cumberland zoning ordinance defines the substance of a legal nonconforming use as "the creation and/or the use of a parcel of land for a particular use which was legal at the time the parcel of land was created and/or so used, shall not serve to create the lawful establishment or lawful existence of any use that was not legal at the time of creation and/or use of land, regardless of subsequent changes in allowable legal uses." A change of use occurs only when the proposed use is "substantially different from the nonconforming use to which the premises were previously put." Harmel Corp. v. Members of ZoningBd. of Review of Town of Tiverton. 603 A.2d 303, 305 (R.I. 1992) (quoting Souza v. Zoning Board of Review of Warren, 104 R.I. 697, 699, 248 A.2d 325, 327 (1968)). The intervenors argue that the height of the Plasses' towers are restricted to the maximum height in a residentially zoned area of only 35 feet. Since Plasses' use of the new 180 foot communication tower was not in any regard substantially different from the previous use of the deteriorating 180 foot tower, he is exempt from these height limitations.
The intervenors argue in the alternative that if this Court finds no fault in DaCosta's decision, then the Board was correct in affirming DaCosta's restriction on the number of users to two.
This Court and this Justice, have previously addressed this issue as it pertains to § Substitute A of the Zoning Ordinance of the Town of Cumberland. In Cellco Partnership v. Zoning Board ofReview of the Town of Cumberland C.A. 98-0201, September 25, 1998, Cresto, J., the Court found that Cumberland's zoning ordinance does not prohibit the use of a communications tower by more than two users. In Cellco, the Court resolved all doubts and ambiguities contained in the town's zoning laws in favor of the landowner since to do otherwise would contravene the property owner's common law right to use the property according to his prerogatives. Id; see also Dnomme v. Mowry 577 A.2d 1229, 1231 (R.I. 1989). To read Substitute A as restricting Plasses' use of his property by the number of users allowed on the tower, would require this Court to resolve this ambiguity in the town's favor rather than the property owner's. Id. The ordinance implicitly states that the "co-location of one additional user shall not be prohibited on any such facility so long as the height limits . . . previously granted, are not exceeded overall."
Clearly, Plasse sought and subsequently received, a permit from DaCosta to replace an existing 180 foot communication tower with a new and safer 180 foot communication tower. Pursuant to § 5-18, a professional structural engineer must satisfactorily demonstrate that the deteriorating tower should be replaced. Commonwealth Engineers performed an inspection of the old tower and discovered signs of heavy corrosion, which severely compromised the structural integrity of the tower. Consequently, DaCosta correctly determined, as Building Official, that replacing the old tower with a new tower to a safer portion of the same plat, was in the best interest of the health, welfare, and public safety of the neighborhood pursuant to § 5-18.
Plasse testified before the Board that at one time he had up to forty users between his two towers; he requested a new 180 foot tower to replace his existing 180 foot tower. Plasse has not requested intensification or expansion of what he was originally granted by the Board when his towers were initially constructed in 1985. Therefore, the intervenors' argument that Plasse exceeded the height restrictions on his property, are without merit. Further, the Court finds the zoning ordinance does not prohibit more than two users on a communication tower.
After review of the entire record, this Court finds the decision of the Board was not supported by reliable, probative, and substantial evidence of record. The Board's decision was in violation of ordinance provisions, and was affected by error of law. Furthermore, substantial rights of the petitioners have been prejudiced. Accordingly the November 5, 1989, decision of the Cumberland Zoning Board is hereby reversed.
Counsel shall prepare an appropriate judgment for entry.