[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is an appeal from a decision of the Zoning Board of Review of the City of Central Falls (Board). Appellant Maria Almeida (Almeida) seeks to reverse the action of the Board in denying her application for a dimensional variance. Appellees are the members of the Zoning Board of Review of the City of Central Falls. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 FACTS AND TRAVEL
The subject lot is an unimproved vacant parcel located at 149 Earle Street in Central Falls, which is also identified as Assessor's Plat 8, Lot 101. The subject lot contains approximately 4,500 square feet of total area. Said property is part of an R-3 Residential Zone, which requires a minimum 5,000 square foot lot area in order to build on the lot. Appellant Almeida purchased the property approximately one year prior to the commencement of this action. On May 10, 2004, Almeida submitted an application for a dimensional variance, seeking relief from the minimum lot area requirements of the ordinance. Almeida sought to construct a single-family dwelling on the lot, which is a permitted use in the R-3 zone.
The Board held a properly noticed public hearing on June 24, 2004, at which time Almeida appeared and testified. Almeida, who resides in Rehoboth, Massachusetts, first stated she was going to live in the home she sought to build. Then Almeida admitted that the house may instead be occupied by her son while he attended college in Rhode Island. (Tr. at 4, 6.) At the hearing, Robert Webber, the City Council President testified and objected to the application, reminding the Board that Central Falls was already "tremendously overcrowded" and that the ordinance's 5,000 square foot requirement should be adhered to in order to prevent increasing the density of the area. (Tr. at 13.)
At the conclusion of the hearing, the Board voted unanimously to deny Almeida's application for a dimensional variance. The Board found that the relief sought was "in direct conflict with the City of Central Falls Zoning Ordinance, which requires a 5,000 square foot minimum lot size for residential construction." (Bd. Decision at 1.) The Board also found that the application "conflict[ed] with the City of Central Falls State Certified Comprehensive Community Plans [sic] objectives for reducing dwelling density and restricting the overbuilding of land." (Bd. Decision at 1.) Almeida filed the instant appeal seeking that the Board's decision be overturned. This Court renders its decision herein.
 STANDARD OF REVIEW
The Superior Court's review of a zoning board decision is governed by Rhode Island General Laws § 45-24-69(d), which provides that:
 "The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
(3) Made upon unlawful procedure;
(4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may "not substitute [his or her] judgment for that of the zoning board if [he or she] conscientiously find[s] that the board's decision was supported by substantial evidence." Apostolou v. Genovesi,120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence . . . means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means [an] amount more than a scintilla but less than a preponderance." Lischio v. Zoning Bd. of Reviewof North Kingstown, 818 A.2d 685, 690 n. 5 (R.I. 2003) (quoting Caswellv. George Sherman Sand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981)). Thus, the reviewing court must examine the record to determine whether competent evidence exists to support the Board's decision.Compare New England Naturist Assoc., Inc. v. George, 648 A.2d 370, 371
(R.I. 1994) (quashing Superior Court judgment based on erroneous ruling), with von Bernuth v. Zoning Bd. of Review of New Shoreham,770 A.2d 396, 401-02 (R.I. 2001) (denying relief granted by zoning board based on lack of competent evidence and remanding to Superior Court).
 DIMENSIONAL VARIANCE
Appellant argues that the hardship suffered is due to the lot itself, which cannot be merged with any adjacent land to provide conformance. Appellant contends that she recently purchased the lot, so such hardship is not due to any prior action. She stated that she was not merely seeking to build a house and sell it for financial gain, but rather to have a residence for either she or her son. Appellant also states that her proposed construction would not alter the general character of the surrounding residential area and would conform to the other relevant zoning requirements. Furthermore, Appellant contends that her proposed construction of a single-family dwelling on the property amounts to the least intense of all the permitted uses in that zone, and therefore constitutes the least relief necessary in satisfaction of the ordinance.
Appellees argue that the Appellant has failed to meet the standards set forth in § 45-24-41, which provides the requirements for granting a dimensional variance. Appellees also state that Appellant did not "present any evidence that the hardship was not the result of any prior action taken by the applicant." (Appellee's Memo. at 4.) The property in question, Appellees contend, is substantially less than the minimum required buildable lot size, and the Appellant knew this prior to purchasing the lot. Appellees further argue that Appellant "submitted no testimony or evidence demonstrating that the hardship she sought relief from was due to the unique characteristic of the land." (Appellee's Memo. at 4.) In fact, Appellees argue that Appellant is merely seeking to realize greater financial gain. The Appellees also contend that Appellant failed to provide evidence that her proposed construction would not alter the general character of the surrounding area and also that she was seeking the least relief necessary. With respect to meeting said required burdens, Appellees argue that Appellant has "failed to present any evidence let alone substantial evidence" to meet the required burdens. (Appellee's Memo. at 4.)
"A dimensional or area variance . . . provides relief from one or more of the dimensional restrictions that govern a permitted use of a lot of land, such as area, height, or setback restrictions." Sciacca v. Caruso,769 A.2d 578, 582 n. 5 (R.I. 2001); see also § 45-24-31(61)(ii) (defining dimensional variance by statute). Dimensional or area variances are governed by § 45-24-41(c), which provides the following standards:
 "(1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area; and is not due to a physical or economic disability of the applicant;
 (2) That the hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 (3) That the granting of the requested variance will not alter the general character of the surrounding area or impair the intent or purpose of the zoning ordinance or the comprehensive plan upon which the ordinance is based; and
 (4) That the relief granted is the least relief necessary."
The first requirement states that the hardship is due to unique characteristics of the land or structure and not due to general characteristics or a physical or economic disability. In the case at bar, Almeida's lot was itself dimensionally deficient for building purposes. The lot is also a legal non-conforming lot of record. Almeida owns no other neighboring lots and, thus, merger does not apply to create a conforming lot. (Appellant's Memo. at 2.) Accordingly, the evidence of record demonstrates that Almeida's hardship results from a physical or economic disability, meeting the first requirement for a variance.
The second prong of the standard requires that the hardship results neither from any prior action of the applicant, nor from a desire to realize greater financial gain. There is no evidence in the record that the hardship is the result of any prior action by Almeida. She has only recently purchased the lot and has not acted in such a way so as to cause her dimensional hardship. (Bd. Tr. at 3-4.) See Sciacca, 769 A.2d at 583-84
(holding denial of dimensional variance proper where applicant created own hardship by subdividing lot then basing application for such dimensional relief on said subdivision). Almeida testified that either she or her son would live in the proposed home, and that she was not simply building a house for the purpose of sale and financial gain. (Bd. Tr. at 4, 6.) Accordingly, with respect to the second prong, the Board had before it evidence that the hardship did not result from Almeida's prior actions.
The third prong requires that the requested variance not alter the general character of the neighborhood and must not impair the intent of either the zoning ordinance or comprehensive plan. The Board found that "[t]he applicant's request is in direct conflict with the City of Central Falls Zoning Ordinance which requires a 5,000 square foot minimum lot size for residential construction." (Bd.'s Decision at 1.) Additionally, the Board found that the "[t]he applicant's request conflicts with the City of Central Falls State Certified Comprehensive Community Plans objectives for reducing dwelling density and restricting the overbuilding of land." (Bd.'s Decision at 1.) However, the plans which Almeida submitted would conform to all other relevant zoning requirements. The subject property is located in a residential area, zoned to allow for the construction of single-family dwellings. Thus, the Board's findings were not supported by the reliable probative and substantial evidence of record.
Finally, the relief must be the least relief necessary. In this case, the proposed structure would conform with all other zoning requirements, such as yard setbacks and dimensions. (Appellant's Memo. at 1.) Based on the plans submitted in the record, the structure would not be overbearing or inappropriately large. Accordingly, the Board had before it evidence that the relief sought constituted the least relief necessary.
 DEPRIVATION OF ALL BENEFICIAL USE
Appellant argues that she has no reasonable alternative use of the property if she is denied the dimensional variance to construct the single-family home. Appellant suggests that such action is confiscatory, depriving her of her constitutional right to a beneficial use of her property. By depriving her of all beneficial use, Almeida opines that such confiscatory action amounts to an "indirect taking" in violation of both the United States and Rhode Island Constitutions. Essentially, Appellant argues that "the City of Central Falls cannot compel Appellant to own, hold and keep this property as undeveloped vacant land from which real estate property taxes are derived on an annual basis. . . ." (Appellant's Memo. at 4.)
Alternatively, Appellees contend that Appellant's testimony at the Board's hearing was not credible. Appellees maintain that Appellant has not met her burden of demonstrating deprivation of all beneficial use.
In addition to considering the four-pronged standard for granting a dimensional variance discussed above, the Board must also find that:
 "in granting a dimensional variance, that the hardship suffered by the owner of the subject property if the dimensional variance is not granted amounts to more than a mere inconvenience. The fact that a use may be more profitable or that a structure may be more valuable after the relief is granted is not grounds for relief." Section 45-24-41(d).
These requirements have been adopted in the City of Central Fall's Zoning Ordinance under § 908.3. However, § 908.3 alters the language of G.L. § 45-24-41(d)(2) by appending "which shall mean that there is no reasonable alternative to enjoy a legally permitted beneficial use of one's property." Cent. Falls Zon. Ord. App. A, Art. IX § 908.3. InSciacca, our Supreme Court points out that "more than a mere inconvenience" means "that there is no other reasonable alternative to enjoy a legally permitted beneficial use of one's property."769 A.2d at 583 n. 6 (referencing § 45-24-31(61)(ii) as definition of dimensional variance requiring showing of no other reasonable alternative). More recently, however, our Supreme Court has reinstated the former "more than a mere inconvenience" standard for granting a dimensional variance. Lischio, 818 A.2d at 691-92 (noting General Assembly's revival of old Viti Doctrine standard). As it is well settled that an ordinance cannot contravene the Zoning Enabling Act, New EnglandExpedition-Providence, LLC v. City of Providence, 773 A.2d 259, 262
(R.I. 2001) (holding local ordinance preempted by state enabling act), the Board was required to apply the "more than a mere inconvenience" standard.
Almeida further contended she would have no other reasonable alternative and beneficial use of her property in explaining that she would suffer more than a mere inconvenience without relief. The record reflects that other than maintaining the property as an open lot, Almeida has no other choice of uses since the ordinance requires a minimum area of 5,000 square feet to build and Almeida's lot measure approximately 4,500 square feet. (Bd. Tr. at 3-5); see also von Bernuth v. Zoning Bd.of Review of New Shoreham, 770 A.2d 396 (R.I. 2001) (granting dimensional variance from lot size restrictions). "When relief is sought from regulations that govern . . . lot size . . . the applicant will prevail upon a demonstration that the effect of such enforcement will amount to something more than a mere inconvenience." Rozes v. Smith, 120 R.I. 515,519, 388 A.2d 816, 819 (1978). Thus, denying the variance would not only result in more than a mere inconvenience, but a deprivation of all beneficial use of the property — essentially nonuse of the property.
The lot is currently empty and too small to build on without dimensional relief. (Bd. Tr. at 2-3.) There are no uses allowed in the ordinance that do not require some type of building or structure other than an open lot use. Cent. Falls Zon. Ord. App. A, Art. III § 304. Thus, the record reflects that Almeida would suffer more than a mere inconvenience if the lot remains vacant and undeveloped. Almeida is, therefore, being deprived of all beneficial use, and such nonuse of one's land amounts to more than an inconvenience. Accordingly, the record reflects that Almeida met the standards for granting a dimensional variance pursuant to § 45-24-41(c).
 ZONING BOARD'S DECISION
The Board is required to make findings of fact. Section 45-24-61. "[T]here must be in the record competent evidence to support its findings, otherwise its action will be deemed an abuse of the discretion vested in it by the ordinance." Melucci v. Zoning Bd. of Review ofPawtucket, 10 R.I. 649, 652, 226 A.2d 416, 418 (1967) (citing Del Torov. Zoning Bd. of Review of Bristol, 82 R.I. 317, 107 A.2d 460 (1954)). "[T]here should be something in the decision to inform [the reviewing court] of the grounds and basis [of the decision.]" Del Toro,82 R.I. at 321, 107 A.2d at 462. Without adequate findings of fact, "it would be difficult to sustain the board's decision . . . in view of the inadequate record kept by it and also because of the inadequacy of the statement summarizing its decision." Sciacca, 769 A.2d at 585 (quotingSouza v. Zoning Bd. of Review of Warren, 104 R.I. 697, 699-700,248 A.2d 325, 327 (1968)).
With respect to variance applications, our Supreme Court has "caution[ed] zoning boards and their attorneys to make certain that zoning-board decisions on variance applications . . . address the evidence in the record before the board that either meets or fails to satisfy each of the legal preconditions for granting such relief, as set forth in § 45-24-41(c) and (d)." Sciacca, 769 A.2d at 585. Our Supreme Court has further noted that "[f]indings made by a zoning board `must, of course, be factual rather than conclusional, and the application of the legal principles must be something more than the recital of a litany.'"Id. (quoting Irish P'ship v. Rommel, 518 A.2d 356, 358-59 (R.I. 1986)). Thus, our Supreme Court has cautioned that "because of the complicated legal questions incident to all zoning hearings, zoning boards should avail themselves of the legal service of their municipal legal departments." Sciacca, at 585-86 (quoting Souza v. Zoning Bd. of Reviewof Warren, 104 R.I. 697, 699-700, 248 A.2d 325, 327 (1968)). Seeking such legal advice enables a zoning board to ensure its opinion would properly address the relevant standards to sufficiently withstand judicial scrutiny. See id.
The Board made the following findings in its decision:
 "The lot is an undersized lot containing 4,500 square feet of land.
 The applicant's request is in direct conflict with the City of Central Falls Zoning Ordinance which requires a 5,000 square foot minimum lot size for residential construction.
 The applicant's request conflicts with the City of Central Falls State Certified Comprehensive Community Plans [sic] objectives for reducing dwelling density and restricting the overbuilding of land."
The Board's decision is contained on a single page and fails to apply facts to the standards for a variance. Hopf v. Bd. of Review of City ofNewport, 120 R.I. 275, 230 A.2d 420 (1967) (stating conclusional or insufficient evidence warrants reversal of zoning board decision). The Board essentially found that because Almeida's lot is smaller than the required area, she cannot obtain a variance.
Simply not meeting the minimum area requirement is not a sufficient reason to deny a variance, when in fact, it is the very reason for seeking an area variance. See von Bernuth, 770 A.2d 396 (granting dimensional variance from lot size restrictions); DiDonato v. Zoning Bd.of Review of Town of Johnston, 104 R.I. 158, 242 A.2d 416 (1968) (allowing construction of single-family dwelling on dimensionally substandard lot). Furthermore, an ordinance must comport with the Enabling Act, which provides for the protection and continuation of legal nonconformances, such as the subject legally nonconforming lot. See §§45-24-38 and 45-24-39. Accordingly, the Board's decision is affected by error of law.
 ATTORNEY'S FEES AND COSTS
Finally, Appellant sought an award of "reasonable counsel fees and costs for prosecution of this Appeal." (Appellant's Memo. at 5.) With respect to attorney's fees, our Supreme Court has consistently held that parties do not have the right to recover attorney's fees at common law, absent statutory authority. Eleazer v. Ted Reed Thermal, Inc.,576 A.2d 1217, 1221 (R.I. 1990); Scully v. Matarese, 422 A.2d 740
(1980); Orthopedic Specialists, Inc. v. Great Atlantic Pacific TeaCo., Inc., 120 R.I. 378, 388 A.2d 352 (1978); Waite v. Bd. of Review ofDep't of Employment Security, 108 R.I. 177, 273 A.2d 670 (1971). The Zoning Enabling Act, § 45-24-27 et seq., does not provide for attorney's fees in cases like the one at bar, where a party is seeking a dimensional variance. The Zoning Enabling Act, G.L. 1956 § 45-24-71(f), specifically provides for attorney's fees only in cases involving the appeal of the enactment or amendment of a zoning ordinance. By explicitly providing for attorney's fees only in a specific type of case, the General Assembly intended to prohibit attorney's fees in other situations. Town of NorthKingston v. Albert, 767 A.2d 659, 662 (R.I. 2001) (stating statute must be examined in entirety to glean intent and purpose of legislature). Finding that attorney's fees are not recoverable under the Zoning Enabling Act, this Court denies Appellant's request for attorney's fees.
With respect to costs, our Supreme Court has noted that "[a]lthough . . . a trial justice has the authority to make an award of costs to a prevailing party . . . such an award for costs should not include an award for attorneys' fees unless such an award is authorized by a separate statute, rule, or other law, and any such award is subject to review for abuse of discretion." DiRaimo v. City of Providence, 714 A.2d 554, 557
(R.I. 1998) (citing Hartman v. Carter, 121 R.I. 1, 4, 393 A.2d 1102, 1104
(1978), G.L. 1956 § 9-22-5, and Super. R. Civ. P. 54(d)); see alsoDiIorio v. Cantone, 49 R.I. 452, 144 A. 148 (1929) (holding "costs" shall not include counsel fees). Under Rule 54(d), this Court has discretion to award costs where not specifically provided for by statute. See Super. R. Civ. P. 54(d) (providing "[c]osts shall be allowed . . . as provided by statute . . . unless the court specifically directs."). Section 9-22-5
provides that "[i]n civil actions at law, the party prevailing shall recover costs, except where otherwise specially provided, or as justice may require, in the discretion of the court." Noting that a zoning appeal is a civil procedure, not a civil action, Carbone v. Planning Bd. ofAppeal of Town of South Kingstown, 702 A.2d 386, 388 (R.I. 1997), and the Zoning Enabling Act does not specifically provide for costs this Court, in its discretion, denies Appellant costs.
 CONCLUSION
After a review of the entire record, this Court finds that the Board's denial of the dimensional variance was unsupported by the reliable, probative, and substantial evidence, was arbitrary and capricious, and was in violation of Ordinance provisions. The Board's decision was also affected by error of law. Substantial rights of the Appellant have been prejudiced. Accordingly, this Court reverses the Board's decision. This Court also denies attorney's fees and costs.
Counsel shall submit an appropriate order consistent with this opinion.